UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID L. KIRBY, III,

                             **Plaintiff,**

  vs.                                                    5:24-CV-124
                                                                     (MAD/ML)

BRANDON HANKS,

                             **Defendant.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**DAVID L. KIRBY, III**
05002304
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13202
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

       On January 26, 2024, Plaintiff David L. Kirby, III commenced this action, *pro se*, against Defendant Brandon Hanks, a Syracuse Police Officer. *See* Dkt. No. 1. Plaintiff alleges that Defendant violated his Fourth and Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. Magistrate Judge Lovric denied Plaintiff's IFP application as being incomplete. *See* Dkt. No. 6. Plaintiff subsequently submitted an amended IFP motion. *See* Dkt. No. 10.

       On June 20, 2024, Magistrate Judge Lovric issued an Order and Report-Recommendation granting Plaintiff's IFP application and recommending that his complaint be dismissed with leave to amend. *See* Dkt. No. 11. On June 24, 2024, Plaintiff filed a letter requesting "to add

1

unconstitutional conditions of confinement, false arrest, and false imprisonment on the 27th day of July 2021." Dkt. No. 12. On June 28, 2024, Plaintiff filed objections to Magistrate Judge Lovric's Order and Report-Recommendation. *See* Dkt. No. 13.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see S.J. v. N.Y.C. Dep't of Educ.*, No. 21-CV-240, 2022 WL 1409578, *1 n.1 (2d Cir. May 4, 2022) (noting that the district court applied correct legal standard in conducting *de novo* review where specific objections were made and reviewing for clear error where no objections were made). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the Court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also Wu v. Good Samaritan Hosp. Med. Ctr.*, 815 Fed. Appx. 575, 579 (2d Cir. 2020); *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his filings under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,

106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Although Plaintiff filed objections, his objections restate some of the information in his complaint and are conclusory. *See* Dkt. No. 13. Therefore, the Court will review the Order and Report-Recommendation for clear error.

Having reviewed Magistrate Judge Lovric's Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in the recommendation. Magistrate Judge Lovric recommended that Plaintiff's complaint be dismissed for failure to allege Defendant Hanks' personal involvement in a constitutional violation. *See* Dkt. No. 10 at 5-6. It is well settled that a plaintiff must allege a defendant's personal involvement in each purported constitutional violation. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).

Plaintiff's complaint is one paragraph and states as follows:

> First, I was asked to leave Dablon Court on July 27th, 2021 so I left. Then I was stopped on Adams St and Townsend St. They thought I was somebody they were looking for[.] I gave them my I.d. to show I was not that person. Then I was charged with possession of a weapon and sent to Onondaga County Justice Center. After months being their [sic] I found out they violated by 4th Amendment and the weapon did not link to nobody so the charges was dismissed. I was still being held by parole because of that. Then I got jumped my rib got re-fractured and my hip when I got hit with chair or table on pad 4A around the end of October or beginning of November 2021. Which led to being unconstitutional.

Dkt. No. 1 at 4. As Magistrate Judge Lovric concluded, there is not a single reference to Defendant Hanks in this paragraph. *See* Dkt. No. 10 at 5. The Court, therefore, finds no clear

error in Magistrate Judge Lovric's conclusion that Plaintiff's complaint must be dismissed for failure to state a claim.

In Plaintiff's objections, he states that Defendant Hanks fractured Plaintiff's finger when he held Plaintiff's hands behind his back. *See* Dkt. No. 13 at 1. Plaintiff states that it was Defendant Hanks' "charge" that falsely imprisoned him. *Id.* However, these specific allegations are not included in Plaintiff's complaint. *See* Dkt. No. 1. The proper place for Plaintiff to assert these more specific allegations would be an amended complaint. *See Syfert v. City of Rome*, No. 6:17-CV-0578, 2017 WL 5195230, *3 (N.D.N.Y. Nov. 9, 2017); *Wilkins v. Soares*, No. 8:20-CV-0116, 2020 WL 3286507, *4 (N.D.N.Y. June 18, 2020).

As recommended by Magistrate Judge Lovric, and in light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint. *See* Dkt. No. 10 at 6-8. If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. The revised pleading should allege facts demonstrating the personal involvement of any named Defendant. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, No. 6:22-CV-319, 2023 WL 2931863, *14 (N.D.N.Y. Apr. 13, 2023).[1]

Accordingly, the Court hereby

---

[1] The Court directs Plaintiff to the instructions outlined in Magistrate Judge Lovric's Order and Report-Recommendation. *See* Dkt. No. 10 at 7-8.

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 10) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's letter request (Dkt. No. 12) is **GRANTED** insofar as Plaintiff is given leave to amend his complaint; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice,** with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: August 8, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge